IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31344
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS GOODEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-02-ALL-J
--------------------
August 22, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Demetrius Gooden appeals his conditional guilty plea conviction for possession of a firearm by a convicted felon. He reserved the right to appeal the district court's denial of his motion to suppress. We review the district court's findings of fact for clear error and the ultimate conclusion as to the constitutionality of the law enforcement action *de novo*.[1]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *United States v. Jordan*, 232 F.3d 447, 448 (5th Cir. 2000).

Gooden argues that the district court erred in denying his motion to suppress because, under *Florida v. J.L.*,[2] a police officer, acting exclusively on a tip from an anonymous informant, does not have the requisite reasonable suspicion to justify an investigatory stop and subsequent search and seizure. The instant case is distinguishable from *J.L.* because, *inter alia*, Gooden reached for his waistband when officers entered the tattoo shop.[3] Moreover, in *United States v. Watson*, we held that reasonable suspicion existed for an investigative stop when, at 3:30 AM, an officer approached a vehicle in an abandoned parking lot and the individual in the car moved his body as if to conceal or retrieve something on the car floor.[4]

Gooden's challenge to the denial of his motion to suppress is without merit. His conviction is AFFIRMED.

---

[2] 529 U.S. 266 (2000).

[3] *Cf. J.L.*, 529 U.S. at 268; *United States v. Roch*, 5 F.3d 894, 897 (5th Cir. 1993); *see also United States v. Rideau*, 969 F.2d 1572, 1574-75 (5th Cir. 1992).

[4] 953 F.2d 895, 896 (5th Cir. 1992); *see also Terry v. Ohio*, 392 U.S. 1, 24 (1968).